UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JAMES BRADLEY CARROLL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:11-CR-69-JRG-1 |
| | ) | | 2:17-CV-14-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 42]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Also before the Court is Petitioner's motion to "receive documents out of [his] case file" [Doc. 40]. For the reasons below, Petitioner's § 2255 motion [Doc. 42] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE.** The request for documents [Doc. 40] will be **DENIED as moot**.

I.     **BACKGROUND**

In 2012, Petitioner pled guilty to federal bank robbery, in violation of 18 U.S.C. § 2113(a) [Doc. 26]. The United States Probation Office assigned Petitioner an advisory Guideline range of 77 to 96 months' imprisonment [Presentence Investigation Report (PSR); Docs. 29–33]. On September 24, 2012, this Court sentenced Petitioner to 96 months' incarceration and three years' supervised release [Doc. 35]. No direct appeal was taken. On January 23, 2017, Petitioner

filed the instant § 2255 motion in which he seeks vacatur or correction of his sentence in light of the *Johnson* decision [Doc. 42].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case, i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition depends on whether its submission complied with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[W]hen a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when
2

Case 2:11-cr-00069-JRG   Document 43   Filed 01/27/17   Page 2 of 5   PageID #: 122

no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on October 8, 2012, fourteen days after the Court entered judgment on September 24, 2012. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgment of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window relief under subsection (f)(1) began to run on that date, expired on October 8, 2013.

Failure to file the instant petition until January 23, 2017—more than three and a half years after expiration of subsection (f)(1)'s one-year window—means that the instant motion is untimely under subsection (f)(1). To the extent that Petitioner relies on subsection (f)(3)'s independent filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court notes that the provision's one-year window runs from the date that the asserted right was recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3). For purposes of the instant case, the new right on which Petitioner relies was first recognized in the *Johnson* decision, which the Supreme Court issued on June 26, 2015. *Johnson*, 135 S. Ct. at 2551. Thus, the statutory window for requesting relief based upon that decision under subsection (f)(3) expired one year later—on June 26, 2016. S*ee Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or

3

successive petition). Failure to submit the petition prior to June 26, 2016, makes the filing untimely under subsection (f)(3).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

To the extent that Petitioner claims that the did not know about the *Johnson* decision until June of 2016 because he was "out on state writ" and points to that fact as grounds for equitable tolling [Doc. 42 p. 12], this Court disagrees. These circumstances do not justify Petitioner's failure to submit the instant collateral challenge within the window permitted by § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Accordingly, Petitioner's § 2255 motion will be **DENIED** as untimely.

## III. REQUEST FOR CM/ECF DOCUMENTS

4

In addition to the petition, this Court is in possession of a request to "receive documents out of [Petitioner's] case file" [Doc. 40]. He requests copies of his plea agreement and judgment in particular [*Id.*]. Review of CM/ECF reveals that the Clerk's Office has already mailed Petitioner copies of the appropriate request forms. Accordingly, the request will be **DENIED as moot**.

IV. **CONCLUSION**

For the reasons discussed, the petition [Doc. 42] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The request for documents [Doc. 40] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE